IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL ISIKOFF, | ) ) ) |
| *Plaintiff*, | ) ) |
| v. | ) ) Case No. 20-cv-3479 (BAH) |
| U.S. DEPARTMENT OF JUSTICE, | ) ) ) |
| *Defendant*. | ) ) |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant United States Department of Justice ("DOJ" or "Defendant"), by and through its undersigned counsel, respectfully submits the following answer to Plaintiff's Complaint filed on September 15, 2020 (the "Complaint") by Plaintiff Michael Isikoff ("Plaintiff"). All allegations in the Complaint, including relief sought, are denied except when specifically admitted herein. Defendant admits, denies, or otherwise avers as follows:

## DEFENDANT'S RESPONSES TO THE NUMBERED PARAGRAPHS[1]

In response to the enumerated paragraphs, as set forth in the Complaint, Defendant admits, denies, and otherwise avers as follows. Any allegations not specifically admitted herein are hereby denied. Defendant respectfully requests and reserves the right to amend, alter, and supplement the responses and defenses contained in this Answer as additional facts become known to Defendant.

## JURISDICTION

1. The allegations in this paragraph contains conclusions of law regarding jurisdiction,

---

[1] Merely for ease of reference, Defendant's Answer replicates the headings contained in the Complaint. Although Defendant believes that no response is required to such headings, to the extent a response is deemed required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

to which no response is required. To the extent that a response is deemed necessary, Defendant admits that this Court has jurisdiction subject to the terms and conditions of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq*.

## VENUE

2. The allegations in this paragraph contains conclusions of law regarding venue, to which no response is required. To the extent that a response is required, Defendant admits that 5 U.S.C. § 552 (a)(4)(B) governs venue in actions brought under the FOIA.

## PARTIES

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies the allegations.

4. Defendant admits that it is an agency within the meaning of 5 U.S.C. § 552(f). Defendant also admits that the National Security Division ("NSD") is a component of DOJ, and that the Special Counsel's Office ("SCO")[2] was a component of DOJ. Defendant avers that the DOJ's Office of Information Policy ("OIP") processes FOIA requests for records from within SCO. The remainder of the paragraph consists of Plaintiff's conclusions of law, to which no response is required.

## COUNT ONE (DOJ)

5. Defendant admits that OIP and NSD each received a FOIA request dated October 6, 2020, from Plaintiff.[3] *See* Exhibit A. Defendant respectfully refers the Court to this request for

---

[2] Defendant uses "Special Counsel's Office," rather than "Office of Special Counsel," to refer to the Office established to conduct the investigation into Russian interference in the 2016 presidential election.

[3] This FOIA request was initially directed to DOJ's Mail Referral Unit, which then routed the request to OIP and NSD.

a complete and accurate statement of its contents and denies any allegations inconsistent with it.

6.   Defendant admits that OIP sent a letter to Plaintiff, dated November 5, 2020, acknowledging receipt of Plaintiff's FOIA request. *See* Exhibit B. Defendant avers that NSD sent a letter to Plaintiff acknowledging receipt of Plaintiff's FOIA request on December 28, 2020. *See* Exhibit C. Defendant respectfully refers the Court to these November 5, 2020 and December 28, 2020 letters for a complete and accurate statement of their contents and denies any allegations inconsistent with them.

7.   Defendant admits that neither OIP nor NSD have made final determinations as to Plaintiff's FOIA request. The remaining allegations in paragraph 7 consist of legal conclusions to which no response is required.

The remainder of the Complaint consists of Plaintiff's request for relief, to which no response is required. To the extent that a response is deemed necessary, Defendant denies that Plaintiff is entitled to any of the relief requested in this section or any relief whatsoever.

## **DEFENSES**

### First Defense

Plaintiff is not entitled to compel the production of responsive records protected from disclosure by one or more of the exemptions or exclusions to the FOIA, 5 U.S.C. § 552 *et seq.*, and the Privacy Act, 5 U.S.C. § 552(a), *et seq*.

### Second Defense

The Court lacks jurisdiction over the subject matter of this Complaint for any relief that exceeds the relief authorized by statute under 5 U.S.C. § 552.

### Third Defense

Plaintiff is not entitled to attorneys' fees or costs.

WHEREFORE, having fully answered, Defendant, by counsel, requests that the Court grant Defendant judgment and relief against Plaintiff as follows:

a) that the claims against Defendant are dismissed with prejudice and that Plaintiff takes nothing and is granted no relief;

b) that Defendant be awarded costs and disbursements incurred in defending this matter; and

c) such other and further relief to which Defendant is entitled.

Date: January 8, 2021   Respectfully submitted,

MICHAEL R. SHERWIN
Acting United States Attorney
District of Columbia

BRIAN P. HUDAK,
Acting Chief, Civil Division

By:   /s/*Kristin D. Brudy-Everett*
KRISTIN D. BRUDY-EVERETT
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W.
Washington, D.C. 20530
(202) 252-2536
Kristin.Brudy-Everett@usdoj.gov

*Counsel for Defendant*